UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DAVID EARL WATTLETON, | Case No. 24-CV-1166 (ECT/JFD) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| B. KRAGE, Environmental and Safety Compliance Specialist, For Federal Medical Center Rochester, | |
| Defendant. | |

---

Plaintiff David Earl Wattleton, a civil detainee of the federal government, alleges that "Safety Department officials" at the facility where he is detained have encouraged other detainees to be "emotionally and verbally abusive" towards him. (Compl. at 1, 2, Dkt. No. 1.) Mr. Wattleton also alleges that he has been relieved of job duties that he previously performed in the Safety Department. (*See id.* at 2.) Based on those allegations, Mr. Wattleton requests that the Court order that he be returned to his job at the facility and that officials no longer encourage emotional and verbal abuse towards him. (*Id.* at 3.)

Mr. Wattleton did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. (Dkt. No. 2.) After review of the IFP application, this Court concludes that Mr. Wattleton qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In

1

reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mr. Wattleton invokes three sources of law as a basis for relief: (1) *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), (2) 28 C.F.R. § 545.26, and (3) Federal Bureau of Prisons Policy Statement 5251.06.  (Compl. at 1.) All three claims have problems.

First, regarding *Bivens*, a litigant may seek monetary relief from federal officials for certain violations of constitutional rights through the private right of action first recognized in *Bivens*. Mr. Wattleton is not seeking monetary relief—a fatal problem for any claim under *Bivens*. *See, e.g.*, *Fiorito v. Drummy*, No. 22-CV-0923, 2023 WL 4052639, at *3 (D. Minn. June 16, 2023). Mr. Wattleton does not plausibly allege in his very short pleading how the actions of federal officials, however unprofessional, amount to a violation of his constitutional rights. Even if the actions alleged in the complaint *did* amount to a violation

of Mr. Wattleton's constitutional rights in the abstract, Mr. Wattleton's allegations would not fall within one of the contexts in which a remedy under *Bivens* has already been recognized, and extending *Bivens* to new contexts "is strongly disfavored." *Jenkins v. United States*, No. 23-CV-3253 (JRT/TNL), 2024 WL 913342, at *3 (D. Minn. Mar. 4, 2024) (citing *Egbert v. Boule*, 596 U.S. 482, 491 (2022); and *Ziglar v. Abbasi*, 582 U.S. 120, 130–31 (2017)). And even if none of *those* problems stood in Mr. Wattleton's way, there is another: A litigant seeking relief for violations of constitutional rights under *Bivens* must establish that the defendant himself or herself violated the law. *See, e.g.*, *Jomo v. Kallis*, No. 21-CV-2266 (KMM/TNL), 2022 WL 5119127, at *2 (D. Minn. Apr. 25, 2022). Only one person is named as a defendant to this action, and nowhere in the Complaint does Mr. Wattleton allege what that specific person did or did not do that amounted to a constitutional violation.

Mr. Wattleton's two other claims fare no better than his *Bivens* claim. Section 545.26 establishes a pay scale for individuals working in Federal Bureau of Prisons facilities and does not appear immediately relevant to any of the claims raised in the Complaint. Nowhere does Mr. Wattleton allege that he was not paid in accordance with § 545.26 for work that he performed. Much the same is also true of Federal Bureau of Prisons Policy Statement 5251.06, which also relates to pay in federal detention facilities, though here Mr. Wattleton also faces the additional hurdle that policy statements do not themselves give rise to a cause of action. *See, e.g.*, *Bigbee v. United States*, 359 F. Supp. 2d 806, 810 (W.D. Wis. 2005) (citing *Miller v. Henman*, 804 F.2d 421, 424–26 (7th Cir. 1986)).

For these reasons, the undersigned recommends that this matter be dismissed without prejudice pursuant to § 1915(e)(2)(B) and that Mr. Wattleton's IFP application be denied.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff David Earl Wattleton's application to proceed *in forma pauperis* (Dkt. No. 2) be **DENIED**.

Dated: April 15, 2024                    _s/ John F. Docherty_
                                         JOHN F. DOCHERTY
                                         United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).